IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

FILED

FEB 0 7 2014

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
_____ DEPUTY

| | |
|---|---|
| YOLANDA SALDIVAR | § |
| Petitioner | § |
| | § |
| | § |
| v. | § |
| | § |
| STATE OF TEXAS | § |
| Respondent | § |

Cause No:   704424

W14CA036

LEAVE OF COURT TO FILE

FEDERAL WRIT OF MANDAMUS AND

PETITIONER'S FEDERAL 2254

WRIT OF HABEAS CORPUS

MEMORANDUM

Here comes, Yolanda Saldivar, prisoner and in the custody of the Texas Department of Criminal Justice Institutional Division, residing at the Mountain View Unit, 2305 Ransom Rd., Gatesville, Texas 76528, and presents to this Court the following:

## I.  HISTORY

Petitioner was charged and convicted of First Degree Murder on October 26, 1995 and was sentenced to life in prison.  Subsequently, Petitioner filed a Direct Appeal to the Fourteenth Court of Appeals in 1996 and the Court affirmed the conviction and sentence on October, 1998.  She filed a Petition for Discretionary Review which was denied in 2000.  A State Writ of Habeas

Corpus was improperly filed and later was dismissed by the District Court in 2000. The Statute of Limitations to file a Federal Writ of Habeas Corpus had expired.

## II. APPLICABLE LAW

Federal Statute 28 U.S.C. §2254 State Custody, Remedies in Federal Courts:

    (a) The Supreme Court or Justice thereof, a Circuit Judge or a District Court shall entertain an application for a Writ of Habeas Corpus on behalf of a person in custody pursuant to the judgment of a State Court only on the ground that he is in custody in violation of the Constitution, or laws or treatise of the United States.

    (b)(1) An Application for a Writ of Habeas Corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that--

        (B)(ii) circumstances exist that render such process ineffective to protect the rights of the Petitioner.

Rule 1

    (a) Cases involving a Petition under 28 U.S.C. §2254. These rules govern a Petition for a Writ of Habeas Corpus filed in a U.S. District Court under 28 U.S.C. §2254 by:

        (1) a person in custody under State Court judgment who seeks determination that the custody violates the Constitutional laws or treatise of the United States; and

        (2) a person in custody under a State-Court or federal-Court judgment who seeks a determination that future custody under a State-Court judgment would violate the Constitution laws or treatise of the United States.

Rule 6  Discovery

    (a) A Judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure, and may limit the extent of discovery.

    (b) Requesting Discovery. A party requesting discovery must provide reasons for the request.

Federal Rules of Civil Procedure

Rule 44  Proving an official record

    (a) Means of proving

        (1) Domestic Record. Each of the following evidences an official record - or an entry in it - that is otherwised admissible and is kept within the United States, any state, district, or commonwealth, or

any territory subject to the administrative or
jurisdiction of the United States.
  (A)  an official publication of the Record; or
  (B)  a copy attested by the officer with legal custody
      of the record - or by the officers deputy -
      and accompanied by a certificate that the officer
      has custody.  The certificate must be made
      under seal:
      (i)  by a judge of a court of record in the
           district or political subdivision where
           the record is kept; or
      (ii) by any public officer with a seal of office
           and with official duties in the district
           or political subdivision where the record
           is kept.

  (b)  Lack of Record.  A written statement that a diligent search
      of designated records revealed no record or entry of a
      specified tenor is admissible as evidence that the records
      contain no such record or entry.

Rule 34  Producing Documents Electronically Stored Information And
        Tangible Things....

  (a)  In General:  A party may serve on any other party a request
      within the scope of Rule 26(b)
    (1)  to produce and permit the requesting party or its
        representative to inspect, copy, test, or sample
        the following items in the responding party's
        possession, custody, or control:
        (A)  Any designating documents or electronically
            stored-information-including writings, drawings,
            graphs, charts, photographs, sound recordings,
            images, and other data or data compilations-
            stored in any medium from which information
            can be obtained either directly or, if necessary,
            after translation by the responding party into
            a reasonably usable form, or
        (B)  any designated tangible thing.

Rule 26  Duty to Disclose:  General Provisions Governing Discovery

  (b)  Discovery Scope and Limits:
    (1)  Scope in General:  Unless otherwise limited by court
        order, the scope of discovery is as follows:  Parties
        may obtain discovery regarding any non-privileged
        matter that is relevant to any party's claim or
        defense - including the existence, description, nature,
        custody, condition, and location of any documents
        or other tangible things and the identity and locations
        of persons who know of any discoverable matter.
        For good cause, the court may order discovery of
        of any matter relevant to the subject matter involved
        in the action.  Relevant information need not be

admissible at the trial if the discovery appears
reasonably calculated to lead to the discovery of
admissible evidence.

Rule 37   Failure to Make Disclosures

(a) Motion for an Order Compelling Disclosures or Discovery
(1) In General. On notice to other parties and all
affected persons, a party may move for an order
compelling disclosure or discovery. The motion
must include a certification that the movant has
in good faith conferred or attempted to confer with
the person or party failing to make disclosure or
discovery in an effort to obtain it without court
action.

Federal Rules of Evidence

Rule 902   Evidence that is Self-Authenticating

(4) Certified Copies of Public Records. A copy of an official
record - or a copy of a document that was recorded or
filed in a public office as authorized by law - if the
copy is certified as correct by:
(A) the custodian or another person authorized to make
the certification; or
(B) a certificate that complies with Rule 902(1),(2),
or (3), a federal statute or a rule prescribed by
the Supreme Court.

### III.   ARGUMENTS AND AUTHORITIES

GROUND ONE:

Petitioner inherent right to appeal invoking

Due Process of Law is affected by inaction of a State District Court

Petitioner asserts the right to seek liberty under the Due Process of

Law of the United States Constitution. In **Wolff v. McDonnell**, 418 U.S. 539,

94 S.Ct. 2963, 41 L.Ed.2d. 935 (1974), the Court squarely held that every

prisoner retains a significant residuum of constitutionally protected liberty

following his incarceration. Though the prisoner's "rights" may be diminished

by the needs and exigencies of the institutional environment, a prisoner is

not wholly stripped of constitutional protections when he is imprisoned for

crime...[Prisoners] may not be deprived of life, liberty, or property without

due process of law.  **Id**. at 555-56, 94 S.Ct. at 2974.  Petitioner argues that in order for her to prepare and to file an Appeal pro se **based on new evidence,** she understands that a review of her criminal record (the Clerk's Record and the Reporter's Record) must be reviewed before any determination(s) that the custody that the Petitioner is under by a State Court judgment is not in violation of the laws of the Constitution.  Petitioner has the right to review the Appellate Record (Clerk's Record and the Reporter's Record) and file an Appeal pro se (without legal representation).  **Anders v. California**, 386 U.S. 738, 87; S.Ct. 1396 (1967); **Gainous v. State**, 436 S.W. 2d 137 (Tx. Cr.App. 1969).  Petitioner also understands that she does not have the right to have free access to the Appellate Record.  It must be purchased which the Petitioner had tried to do.

Having said the above, Petitioner presents this Court her exhausted efforts to obtain those records:  Petitioner has diligently sought and requested from the District Clerk of the Honorable Judge Jose Longoria of the 214th District Court, Nueces County, Corpus Christi, Texas (convicting court) and the District Clerk of the District Courts, Ms. Patsy Perez, to advise her of the cost of her "complete" trial record (Clerk's Record and the Reporter's Record) since January 23, 2013.  Petitioner received the only answer back from Ms. Perez on February 26, 2013 asking Petitioner to clarify what exactly she was requesting.  Petitioner did so.  But Petitioner did not again receive any more responses from Ms. Perez or the Clerk of the Honorable Judge Jose Longoria, even though Petitioner sent letters repeatedly asking for a status on her request.  None came.  Therefore, on July 5, 2013, Petitioner filed a State Writ of Mandamus with the Court of Criminal Appeals asking the Court to mandate the 214th District Court Clerk or the District Clerk of the District Courts, Ms. Perez, to provide Petitioner with an answer.

The Court of Criminal Appeals did so. On September 18, 2013, the Court of Criminal Appeals issued an "ORDER" to the District Clerk of the 214th District Court, Nueces County, Corpus Christi, Texas to respond whether or not Relator (Petitioner) was adivsed of the cost of her criminal records, The Clerk's Record and Reporter's Record, and if not, why not. The Court also "ORDERED" the District Clerk to respond within 30 days of such said ORDER. In addition, Petitioner's Writ of Mandamus was held in "Abeyance" until such said ORDER was complied with. **(See Exhibit A** - a copy of the ORDER from the Court of Criminal Appeals). When the 30 days expired on October 18, 2013, The District Clerk had failed to respond to the Court's ORDER in defiance. Because the Court of Criminal Appeals had not taken action pass the 30 days of its Court ORDER, On November 4, 2013 Petitioner filed a motion asking the Court to proceed in ruling on Petitioner's Writ of Mandamus since its ORDER was ignored. On December 5, 2013, Petitioner received a copy of a letter sent to the District Clerk by the Court of Criminal Appeals Clerk, Mr. Albert Acosta, asking the District Clerk to respond within 10 days why it had not answered the Court's ORDER. **(See Exhibit B** - a copy of the letter from Mr. Acosta). Because the 10 days given by Mr. Acosta to the District Clerk had lapsed, Petitioner sent a letter to Mr. Acosta on December 23, 2013, asking him to MOVE FORWARD Petitioner's Writ of Mandamus for a ruling since it was clear that the District Clerk refused to answer at all. As of date, Petitioner has not received any action from the Court of Criminal Appeals.

GROUND TWO:

Petitioner is protected against the arbitrary and

oppressive exercise of judicial power by the Substantive DUE PROCESS CLAUSE

Petitioner has in good faith conferred with not only the 214th District Court of the Honorable Judge Jose Longoria District Clerk, the District Clerk

of the District Courts, Ms. Perez, but also with the Court of Criminal Appeals. Federal Rules of Civil Procedure Rule 37(a)(1). Petitioner has done due diligence in an effort to obtain and purchase her criminal records without success. There has been no cooperation whatsoever. Furthermore, Petitioner has respected the ORDER sent by the Texas Court of Criminal Appeals and has patiently awaited for an answer. Still, in complete defiance, both the 214th District Court Clerk and the District Clerk for the District Courts have refused to answer the Petitioner or the Court of Criminal Appeals.

Petitioner at any time during her state custody, has a right to provide a defense if it is in violation of the Constitution. 28 U.S.C. §2254(a). When Petitioner demonstrates due diligence to obtain her trial records and those responsible for the custody of those records dismisses or simply chooses to ignore her repeated request to purchase those trial records and ignores a Court ORDER, it creates circumstances, unbeknown to Petitioner, that impede a judicial process effective which violates Petitioner's rights. Her rights are then not protected. 28 U.S.C. §2254(b)(1)(B)(ii). Under Federal Statute 28 U.S.C. §2254 Rule 1(a)(1), and (2), Petitioner seeks to determine by judicial review that her current custody, and possibly future custody, is not in violation of her constitutional rights. Petitioner's release from institutional life altogether is a far more significant change in a prisoner's freedom and her liberty interest is independently protected by the Due Process Clause of the United States Constitution. Petitioner believes, and the Court of Criminal Appeals seemed to agree by issuing an ORDER, that her criminal records are essential to the filing of any petition or brief.

Therefore, Petitioner files this Federal Writ of Mandamus asking the Federal District Court for the Western District to mandate the Texas Court of Criminal Appeals to make a ruling on Petitioner's State Writ of Mandamus

which has been held in "Abeyance". Petitioner further ask this Court to mandate the 214th District Court of Nueces County District Clerk or the District Clerk of the District Courts, Ms. Patsy Perez, to respond as to the whereabouts of Petitioner's trial record (Clerk's Record and the Reporter's Record). It has been close to a **YEAR** that Petitioner has been in search of her criminal records. It is incongruous and egregious for the convicting District Court to ignore or refuse to provide Petitioner with the records that convicted her. With such behavior, it only lends Petitioner and others, to speculate or assume that something may be wrong with Petitioner's trial records being lost, destroyed, or expunged. And it is further contemptuous for the 214th District Court and its Clerk to disregard the Texas Court of Criminal Appeals "ORDER" as insignificant by their silence.

For these reasons, that Petitioner files this Federal Writ of Mandamus.

## CONCLUSION AND PRAYER

WHEREFORE, Petitioner prays that the Court grant her the relief to which she may be entitled.


Respectfully Submitted,

*Yolanda Saldivar*

Yolanda Saldivar
TDCJ #733126
Mountain View Unit
2305 Ransom Rd.
Gatesville, Texas 76528


## CERTIFICATE OF SERVICE

I, Yolanda Saldivar, do hereby certify that the foregoing documents have been sent by regular mail to Federal District Court, Western, Waco Division, 803 Franklin Ave., Room 380, Waco, Texas 76701 on ___4___ day of February, 2014.

*Yolanda Saldivar*
Petitioner


I, Yolanda Saldivar, do hereby certify that the foregoing documents have been sent by regular mail to Attorney General, Mr. Greg Abbott, 300 W. 15th St., P.O.Box 12548, Austin, Texas 78711-2548 on ___4___ day of February, 2014.

*Yolanda Saldivar*
Petitioner

EXHIBIT A



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CATHY COCHRAN
ELSA ALCALA
JUDGES

## COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
512-463-1551

SIAN R. SCHILHAB
GENERAL COUNSEL
512-463-1597

## **CORRECTED LETTER**    8/20/2013

Yolanda Saldivar
Mountain View Unit - TDC #733126
2305 Ransom Rd.
Gatesville, TX 76528

RE:     Trial Court Writ No.:     704424
        CCA Writ No.:            WR-69,661-04

**This is the correct letter for the status of your original application for writ of mandamus. The postcard that was mailed 7/8/2013 is also incorrect. It should state that your original application for writ of mandamus was received, NOT writ of habeas corpus:**

**IMPORTANT: PLEASE INFORM THIS COURT OF ALL ADDRESS CHANGES IN WRITING.**

☐    To obtain Copies of items requested, contact the State Law Library, Inmate Copy Service, at PO Box 12367, Austin Texas 78711-23267. Please be sure to include your full name and any aliases, TDCJ number, date of conviction, county of conviction, appeal number and complete mailing address.

☐    Your records will not be returned to you because once records are received in the Court they become the permanent records of this Court

☑    **Your application for original application for writ of mandamus was received on 7/8/2013. The status is: Pending decision by this court.**

☐    Neither the Judges nor the staff of the Court can give legal advice. We recommend you contact Inmate Legal Services at the Texas Department of Criminal Justice, Institutional Division.

☐    Your writ of habeas corpus has not been received in this court. Please contact the district court for the status of your case.

☐    The Court of Criminal Appeals does not provide forms. Habeas forms may be obtained from the unit law library or contact the District Clerk of the county of your conviction.

☐    Your change of address has been received and noted in our system.

Sincerely,

Abel Acosta
Clerk



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-69,661-04

### IN RE YOLANDA SALDIVAR, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. 704424 IN THE 214TH DISTRICT COURT
### FROM NUECES COUNTY

*Per curiam.*

### O R D E R

Relator has filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, she contends that she has contacted the District Clerk of Nueces County to determine how much it will cost her to purchase copies of the clerk's record and reporter's record from her trial. Although the clerk responded to Relator's initial inquiries, Relator alleges that the clerk has not responded to her most recent query, and has not advised Relator of the total cost to purchase her trial records.

In these circumstances, additional facts are needed. Respondent, the District Clerk of Nueces County, is ordered to file a response by stating whether or not Relator has been advised of the total

EXHIBIT B



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CATHY COCHRAN
ELSA ALCALA
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
512-463-1551

SIAN R. SCHILHAB
GENERAL COUNSEL
512-463-1597

Wednesday, December 04, 2013

Yolanda Saldivar
Mountain View Unit - TDC #733126
2305 Ransom Rd.
Gatesville, TX 76528

RE:    704424
       WR-69,661-04

Your letter has been received.  Please be advised:

**IMPORTANT:  PLEASE INFORM THIS COURT OF ALL ADDRESS CHANGES IN WRITING.**

☐    To obtain Copies of items requested, contact the State Law Library, Inmate Copy Service, at PO Box 12367, Austin Texas 78711-23267.  Please be sure to include your full name and any aliases, TDCJ number, date of conviction, county of conviction, appeal number and complete mailing address.

☐    Your records will not be returned to you because once records are received in the Court they become the permanent records of this Court.

☑    **Your application for original writ of mandamus has been received on Monday, July 08, 2013. The status is:**   *MOTION FOR LEAVE TO FILE HELD IN ABEYANCE AND DISTRICT CLERK ORDERED TO RESPOND on 9/18/2013.*

☐    Neither the Judges nor the staff of the Court can give legal advice.  We recommend you contact Inmate Legal Services at the Texas Department of Criminal Justice, Institutional Division.

☐    Your writ of habeas corpus has not been received in this court.  Please contact the district court for the status of your case.

☐    The Court of Criminal Appeals does not provide forms.  Habeas forms may be obtained from the unit law library or contact the District Clerk of the county of your conviction.

☐    Your change of address has been received and noted in our system.

Sincerely,

Abel Acosta
Clerk



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CATHY COCHRAN
ELSA ALCALA
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
512-463-1551

SIAN R. SCHILHAB
GENERAL COUNSEL
512-463-1597

December 5, 2013

District Clerk Nueces County
Patsy Perez
Box 2987
Corpus Christi, TX 78403

RE:     Saldivar, Yolanda
        Trial Court Case Number - 704424
        CCA Case Number -WR-69,661-04

Dear Clerk:

On 9/18/2013, this Court entered an order requiring you to respond within 30 days by filing a response stating whether or not Relator has been advised of the total cost of purchasing the clerk and reporter's records, and if not, why not. A copy of said order is available on our website under the above referenced writ number. To date no response to this order has been received.

Please take action within the next ten (10) days to explain why you have not complied with the order of 9/18/2013.

Sincerely,

Abel Acosta
Clerk

CC:
Yolanda Saldivar

EXHIBIT A



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CATHY COCHRAN
ELSA ALCALA
JUDGES

ABEL ACOSTA
CLERK
512-463-1551

SIAN R. SCHILHAB
GENERAL COUNSEL
512-463-1597

# CORRECTED LETTER     8/20/2013

Yolanda Saldivar
Mountain View Unit - TDC #733126
2305 Ransom Rd.
Gatesville, TX 76528

RE:   Trial Court Writ No.:     704424
      CCA Writ No.:             WR-69,661-04

**This is the correct letter for the status of your original application for writ of mandamus. The postcard that was mailed 7/8/2013 is also incorrect. It should state that your original application for writ of mandamus was received, NOT writ of habeas corpus:**

**IMPORTANT: PLEASE INFORM THIS COURT OF ALL ADDRESS CHANGES IN WRITING.**

☐     To obtain Copies of items requested, contact the State Law Library, Inmate Copy Service, at PO Box 12367, Austin Texas 78711-23267. Please be sure to include your full name and any aliases, TDCJ number, date of conviction, county of conviction, appeal number and complete mailing address.

☐     Your records will not be returned to you because once records are received in the Court they become the permanent records of this Court

☑     **Your application for original application for writ of mandamus was received on 7/8/2013. The status is:  Pending decision by this court.**

☐     Neither the Judges nor the staff of the Court can give legal advice. We recommend you contact Inmate Legal Services at the Texas Department of Criminal Justice, Institutional Division.

☐     Your writ of habeas corpus has not been received in this court. Please contact the district court for the status of your case.

☐     The Court of Criminal Appeals does not provide forms. Habeas forms may be obtained from the unit law library or contact the District Clerk of the county of your conviction.

☐     Your change of address has been received and noted in our system.

Sincerely,

Abel Acosta
Clerk



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-69,661-04

### IN RE YOLANDA SALDIVAR, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS CAUSE NO. 704424 IN THE 214TH DISTRICT COURT FROM NUECES COUNTY

*Per curiam.*

## O R D E R

Relator has filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, she contends that she has contacted the District Clerk of Nueces County to determine how much it will cost her to purchase copies of the clerk's record and reporter's record from her trial. Although the clerk responded to Relator's initial inquiries, Relator alleges that the clerk has not responded to her most recent query, and has not advised Relator of the total cost to purchase her trial records.

In these circumstances, additional facts are needed. Respondent, the District Clerk of Nueces County, is ordered to file a response by stating whether or not Relator has been advised of the total

EXHIBIT B



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CATHY COCHRAN
ELSA ALCALA
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
512-463-1551

SIAN R. SCHILHAB
GENERAL COUNSEL
512-463-1597

Wednesday, December 04, 2013

Yolanda Saldivar
Mountain View Unit - TDC #733126
2305 Ransom Rd.
Gatesville, TX 76528

RE: 704424
WR-69,661-04

Your letter has been received.  Please be advised:

**IMPORTANT:  PLEASE INFORM THIS COURT OF ALL ADDRESS CHANGES IN WRITING.**

☐  To obtain Copies of items requested, contact the State Law Library  Inmate Copy Service, at PO Box 12367, Austin Texas 78711-23267.  Please be sure to include your full name and any aliases, TDCJ number, date of conviction, county of conviction, appeal number and complete mailing address.

☐  Your records will not be returned to you because once records are received in the Court they become the permanent records of this Court.

☑  **Your application for original writ of mandamus has been received on Monday, July 08, 2013. The status is:**  *MOTION FOR LEAVE TO FILE HELD IN ABEYANCE AND DISTRICT CLERK ORDERED TO RESPOND on 9/18/2013.*

☐  Neither the Judges nor the staff of the Court can give legal advice.  We recommend you contact Inmate Legal Services at the Texas Department of Criminal Justice, Institutional Division.

☐  Your writ of habeas corpus has not been received in this court.  Please contact the district court for the status of your case.

☐  The Court of Criminal Appeals does not provide forms.  Habeas forms may be obtained from the unit law library or contact the District Clerk of the county of your conviction.

☐  Your change of address has been received and noted in our system.

Sincerely,

Abel Acosta
Clerk



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CATHY COCHRAN
ELSA ALCALA
JUDGES

ABEL ACOSTA
CLERK
512-463-1551

SIAN R. SCHILHAB
GENERAL COUNSEL
512-463-1597

December 5, 2013

District Clerk Nueces County
Patsy Perez
Box 2987
Corpus Christi, TX 78403

RE:   Saldivar, Yolanda
      Trial Court Case Number - 704424
      CCA Case Number -WR-69,661-04

Dear Clerk:

On 9/18/2013, this Court entered an order requiring you to respond within 30 days by filing a response stating whether or not Relator has been advised of the total cost of purchasing the clerk and reporter's records, and if not, why not. A copy of said order is available on our website under the above referenced writ number. To date no response to this order has been received.

Please take action within the next ten (10) days to explain why you have not complied with the order of 9/18/2013.

Sincerely,

Abel Acosta
Clerk

CC:
Yolanda Saldivar

February 4, 2014

U.S. District Court
Waco Division
800 Franklin Ave.
Room 380
Waco, Texas 76701

RECEIVED

FEB 07 2014

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
              DEPUTY CLERK

Re:  Yolanda Saldivar v. State of Texas
     Cause No: 704424

Dear Sir/Madam:

    Enclosed please find Petitioner's Petition for Leave of Court to file
a Federal Writ of Habeas Corpus/Writ of Mandamus.  The filing fee is being
sent by separate letter.  Please present the Petition to the Court.
    Thank you for your assistance in this matter.

Respectfully Submitted,

Yolanda Saldivar
TDCJ #733126
Mountain View Unit
2305 Ransom Rd.
Gatesville, Texas 76528

cc:  Attorney General
     Mr. Greg Abbott

Yolanda Saldivar 733126
Mountain View Unit
2305 Ransom Rd,
Gatesville, Tx. 76528

United States District
Waco Division
800 Franklin
Room 380
Waco, Texas 767

Austin PDC TX
WED 05 FEB 2