IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| YOLANDA SALDIVAR,<br>TDCJ # 733126,<br>    Petitioner,<br><br>v.<br><br>WILLIAM STEPHENS,<br>Director, Texas Department<br>of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. W-14-CA-036<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Before the Court is Petitioner's action that has been docketed as a federal habeas action pursuant to 28 U.S.C. § 2254. Petitioner, who is incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ"), at the Mountain View Unit in Gatesville, Texas, has submitted the applicable filing fee.

Petitioner filed this case on a § 2254 habeas form, indicating that she seeks to challenge her 1995 conviction in Nueces County, Texas, in Cause No. 704424. (Doc. 1, Petition at 2). Petitioner states that she was sentenced to life in prison. (*Id.*). The Court takes judicial notice, however, that her criminal proceeding (Cause No. 704424) originated in Nueces County but, due to a change in venue, was heard in Harris County Texas. (*See Saldivar v. Quarterman*, No. 4:08-CV-1026 (S.D. Tex. 2008) ("*Saldivar I*"), Doc. 25, p. 1).

Petitioner complains in her first ground for relief that "the State District Court has refused to provide [certain criminal] records making it impossible for Petitioner to proceed in filing a brief or appeal pro se in state or federal courts." (Doc. 1 at 6). Petitioner further complains that the "convicting District Court . . . has refused to answer higher court Order to provide [her] with the substantive records needed to file an appeal against unlawful incarceration." (*Id.*). Petitioner asks this Court to compel: (1) the state convicting court in Nueces County to provide Petitioner with the ability to purchase her state criminal record or respond as its whereabouts; and (2) the Texas Court of Criminal Appeals ("TCCA") to rule on her state mandamus petition. (*Id.* at 7; Doc. 2, Memorandum at 7-8). If the criminal records are determined to be lost, destroyed, or expunged, Petitioner asks the Court to order a new trial in connection with her underlying state criminal proceeding. (Doc. 1 at 7).

A careful reading of Petitioner's application and supporting memorandum reveals that she primarily seeks *mandamus* relief against the state district court in Nueces County, Texas, and the TCCA. Although the writ of *mandamus* was abolished by Federal Rule of Civil Procedure 81(b), federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Actions in the nature of *mandamus* are set forth in 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of *mandamus* to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

The federal district courts do not have jurisdiction to issue writs of *mandamus* against a state actor or agency. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). *See also Noble v. Cain*, 123 Fed. Appx. 151, 152-53 (5th Cir. 2005) (citing *Moye* to hold that "*mandamus* relief ... is not available to federal courts to direct state officials in the performance of their duties and function"). The Court, therefore, lacks jurisdiction to grant Petitioner's request for *mandamus* relief because she seeks issuance of the writ against state actors or agencies. *See Citizen v. Terrell*, No. 12-2422, 2013 WL 4039379, at *2 (W.D. La. Aug. 7, 2013).

To the extent that Petitioner seeks federal habeas relief under § 2254, this Court also lacks jurisdiction to consider a second or successive petition. On April 1, 2008, Petitioner previously filed a § 2254 habeas application seeking to challenge the same conviction in the United States District Court for the Southern District of Texas. (*See Saldivar I* at Docs. 1 and 2). By final order and judgment entered on February 2, 2009, the Court denied and dismissed *Saldivar I* as being time barred. (*Id.* at Docs. 25 and 26). The Fifth Circuit Court of Appeals subsequently denied her a Certificate of Appealability. (*Id.* at 45).

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), Pub. L. 104-132, 110 Stat. 1214, limits the circumstances under which a state prisoner may file a second or successive application for habeas corpus relief in federal district courts. *See* 28 U.S.C. § 2244(b). The AEDPA creates a "gatekeeping" mechanism at the appellate court for the consideration of second or

3

successive applications in the district courts. *LaSalle v. Johnson,* No. 2:00-CV-0392, 2001 WL 497766, at *3 (N.D. Tex. May 9, 2001) (quoting *Felker v. Turpin,* 518 U.S. 651, 657 (1996)). It "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court." *Id.* (quoting *Felker,* 518 U.S. at 664). Permission to file a second or successive habeas petition in the district court may be acquired only by filing with the appropriate appellate court a motion for authorization to do so. *In re Epps,* 127 F.3d 364 (5th Cir. 1997) (discussing the procedure for obtaining authorization from the appellate court).

The dismissal of Petitioner's prior federal habeas application as untimely is not the type of ruling that would render the present application non-successive. *See In re Flowers,* 595 F.3d 204, 205 (5th Cir. 2009) (recognizing that the dismissal of a prior § 2254 application as time barred constitutes an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions). "A prior untimely petition 'count[s] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the . . . substantive claims.'" *Cooper v. Quarterman*, No. 3:07-CV-1875-K (BH), 2008 WL 2894693, at *2 (N.D. Tex. Jul. 16, 2008) (quoting *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003)). Accordingly, the instant federal habeas application is a second or successive one.

Nothing in Petitioner's application reflects that Petitioner has obtained the requisite authorization to file a second or successive § 2254 habeas application.

4

The Court, therefore, lacks jurisdiction to consider this action to the extent Petitioner seeks federal habeas relief. *See United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000) (stating that "§ 2244(b)(3)(A) acts as a jurisdictional bar" to the district court asserting jurisdiction over any successive habeas petition or § 2255 motion until the appropriate court of appeals has granted the petitioner permission to file one). Accordingly, it is

**ORDERED** that, to the extent Petitioner seeks either mandamus or federal habeas relief, the instant action is hereby **DISMISSED** for lack of jurisdiction. A Certificate of Appealability shall not issue to Petitioner as she has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

**SIGNED** this  13$^{\text{A}}$  day of February, 2014.

_____
WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE